Richard Hall
# 24429-038; SR Unit
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

Defendant-Petitioner, Pro se.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br> -versus-<br><br> RICHARD D. HALL,<br><br>  Defendant-Petitioner. | CASE: 1:02-CR-10247-001DPW<br><br><br> BRIEF IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255.<br><br> **04 cv 10615 DPW** |

....oOo....

COMES NOW the Defendant-Petitioner, Richard D. Hall, Pro se, (Hereinafter referred to as "Petitioner"), and moves this Court pursuant to 28 U.S.C. § 2255 for relief from the judgment and conviction in the above-entitled captioned matter. That Petitioner relies on the transcripts, records, documents and evidence in this case to show he is entitled relief.

PROCEDURAL BACKGROUND

Petitioner was indicted in a One Count Indictment on August 29, 2002, charging him with: Distribution of Cocaine Based in violation of 21 U.S.C. § 841(a)(1). Petitioner was arrested the same date.

Petitioner pled guilty to Count One of the Indictment on March 31, 2003. Sentencing was held and Petitioner was sentenced to a term of 240 months imprisonment, with credit for time in official custody from August 30, 2002 to sentencing; participation in the 500 hour drug treatment program; $100 Special Assessment. No fine was imposed. No appeal was taken.

Petitioner was enhanced under 21 U.S.C. § 851 information filed by the Government.

## FACTUAL STATEMENT

Sometime during the month of July 2002, Petitioner was called on various occassions by a Government Informant. The informant sought to purchase a quantity of crack cocaine. Petitioner first instructed the informant he "did not fuck with that" but the informant continued to call, requesting to have Petitioner sell him crack cocaine.

The informant told Petitioner he sought to purchase four (4) counces of crack cocaine. After several unsucessful attempts by the informant to have Petitioner sell him cocaine, Petitioner instructed the informant he had not heard from "his guy" yet. Only after a third attempt, which was unsuccesful, did the informant leave a message. Later that week Petitioner provided the informant his home phone, due to the cell phone being difficult to contact. Petitioner told the informant he would contact him whenhe heard from his supplier, and that the four ounces requested would cost $4,200.

From July 7, 2002, no transactions were ever forthcoming

until August 5, 2002. On this date the informant, with officer Monteiro, were given directions to Petitioner's residence, with instructions for the informant to call when he reached the location. After arriving at the Petitioner's apartment, Agent Monteiro told the informant to meet with Petitioner and attempt to bring him down to the motor vehicle. This was accomplished, with the informant contacting the agent and telling him the supplier was on his way.

A gray van, Dodge Caravan, arrived at the parking lot, and a light skinned hispanic walked towards Petitioner's entry-way. After a short time Petitioner emerged and the informant, agent Monteiro, and Petitioner proceeding to the Petitioner's apartment. A female was observed in the kitchen, which Petitioner identified as his wife.

Petitioner weighed out two bags of crack cocaine, and a transfer of the cocaine and the $4,200 took place. After a brief conversation, the informant and Agent Monteiro left the apartment.

On August 29, 2002, Petitioner was approached to deliver more crack cocaine. Petitioner was to meet the informant, but deliberately did not go, stopping at his friend's home. After a time, Petitioner exited his friend's home and stepped into his vehicle. Upon starting to leave, agents surrounded his car and he was arrested.

At the time of Petitioner's arrest, Apprendi v. New Jersey, infra, had been decided. Counsel filed a SUPPLEMENTAL

MEMORANDUM OF DEFENDANT, RICHARD HALL, CONCERNING SENTENCING challenging the priors based on Petitioner being a juvenile at the time and arguing the Career Criminal statute did not apply. Counsel made no arguments relating to the multiple factors with 21 U.S.C. § 841 having to be in an indictment and proven beyond a reasonable doubt.

    Counsel raised no defense of sentencing entrapment on Petitioner's behalf, given that Petitioner first instructed the informant he did not transact in cocaine. Only after a series of repeated contacts from the informant did Petitioner eventually obtain the cocaine and sell it to him. The record supports, by the repeated phone calls, that Petitioner was not predisposed to sell drugs, but was continually hassled by the informant for the sale he was overcome.

    On March 31, 2003 Petitioner entered a plea of guilty and was sentenced, respectively. No plea agreement was made. The Petitioner knew he could not win against the Government and sought to take his chances. The Court sentenced Petitioner to a term of 240 months based on a prior under § 841 and Government's § 851 motion. The Court gave the Petitioner notification of right to appeal. Petitioner informed counsel he sought to appeal, but counsel, by legal advice, instructed Petitioner he could not appeal. Thus, no appeal was taken.

/////

/////

## ARGUMENT AND AUTHORITIES ON THE ISSUES

a. Right to downward Departure Based on
   Sentencing Entrapment.

In the instant case, Petitioner told the informant first he did not transact with cocaine base (crack), and did not want to deal with it. After a series of phone calls, and repeatedly being bothered by the informant, did the Petitioner finally acquisition and give in. Even then, he was relunctant, for he did not transact in crack cocaine, but onlt powder.

After the first sale finally went down, which took over a month for the transaction to occur, the informant tried to obtain a second sale. Again, Petitioner never sought to sell crack, so instead of meeting the informant and agent, he stopped at a friend's house. The second sale never occurred.

Only after four or more conversations, and a continuous effort by the informant, did Petitioner finally sell four ounces of crack cocaine. Petitioner original conversation instructed the informant he did not sell crack, but only powder. Only one sale was ever fulfilled. The second never occurred because Petitioner did not deal in crack. Thus, when Petitioner never showed, he was arrested. Under the provisions of U.S.S.G. § 2D1.1, provides that if a defendant did not intend to provide the substance as charged, the court should "exclude from the offense level determine the amount of controlled substance that he or she did not intend to provide." Here, Petitioner never intended to provide any crack cocaine, but was repeatedly bothered until he did sell

crack. Petitioner admits he was predisposed to sell powder cocaine, but he did not deal in crack. Only after a barrage of phone calls did Petitioner accept to sell crack.

Consequently, Petitioner was entrapped into selling a substance he did not have intent to sell in violation of the Fifth and Fourteenth Amendments, and is now entitled to be given a downward departure and be resentenced. United States v. Searcy, 233 F.3d 1096 (8th Cir. 2000), remanded, on appeal after remand, 284 F.3d 938 (8th Cir. 2002) (Where defendant demonstrates relunctance from first, and had never sold crack before, sentencing entrapment is justified). See also United States v. Gutierrez-Herrera, 293 F.3d 373, 377 (7th Cir. 2002) (entrapment focuses on defendant's predisposition, the question then becomes whether defendant was predisposed to commit the crime, apart from the government's inducement); United States v. Hinds, 329 F.3d 184, 187 (DC Cir. 2003)(Holding Note 12 of USSG § 2D1.1 would apply to difference in type of drugs).

b. <u>Title 21 U.S.C. § 851 Is Unconstitutional Where It Affords Enhacement Beyond That Allowed By Statute Without Reference To Multiple And Separate Offenses, Including Death And Bodily Harm, In Accordance With Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000).</u>

The Petitioner's sentence was enhanced because he had a prior conviction of an aggravating nature. That felony was not alleged in the indictment. This accorded with Almendarez-Torres v. United States, 523 U.S. 224 (1998). The continued validity of Almandarez-Torres, although not overruled to date,

is questionable. One year after it was decided, the Supreme Court in <u>Jones v. United States</u>, 526 U.S. 227, 252 (1999) held that anything the alters the a sentence by aggravating or mitigating circumstances must be in indictment, and decided on whether error constituted plain error under Rule 52, F.Rules of Crim.Pro.. In <u>Jones</u>, the statute involved multiple offenses and included "death or bodily harm."

One year after <u>Jones</u>, the Supreme Court decided <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Court announced, there, that any fact that increases the possible statutory maximum sentence must be alleged in the indictment and proven beyond a reasonable doubt. <u>Appendi</u>, at 530 U.S. 490. Several members of the Court reasoned that <u>Almandarez-Torres</u> was not in accord with <u>Apprendi's</u> reasoning. Despite the explicit exception the Supreme Court carved out in <u>Almandarez-Torres</u>, which dealt with a single statutory component, the precedential value of that decision is in question. Even before <u>Apprendi</u> was decided, four Justices of the current Supreme Court disagreed with its constitutional reasoning. See <u>Monge v. California</u>, 524 U.S. 721, 741 (1998)(Scalia, J., joined by Souter and Ginsberg, dissenting)(<u>Almandarez-Torres's</u> holding was a "grave constitutional error affecting the most fundamental of rights); <u>Jones</u>, Supra, at 526 U.S. 252 (Steven's, J., concurring)(agreeing with Justice Scalia that, contrary to <u>Almanderez-Torres's</u> holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the proscribed range of penalties). In <u>Apprendi</u>, a fifth Justice joined that those who

disagreed. Justice Thomas, a member of the Almendarez-Torres majority, concurred in Apprendi, criticizing Almandarez-Torres and stated that he had "succumbed" to error in joining it. Apprendi, 530 U.S. 520 (Thomas, J., concurring).

More recently in Ring v. Arizona, 536 U.S. --, 153 L.Ed.2d 556 (2002), the Supreme Court held that aggravating circumstances decided, without a jury, violated the right to a jury trial under the Sixth Amendment. There, it was based on a death penalty.

At bar, § 851 is an information that affords the judge to increase a defendant's sentence by a preponderence of the evidence, without a jury. The enhancement is set upon aggravating factors of a prior conviction. The only statute that affords § 851 form is § 841(b)(a)(A)(B)(C) and (D), which holds separate and multiple offenses, including, like Jones, 'death and bodily injury' as factors of the offense. Each statute varies in punishment factors, ranging from a five (5) year sentence to life imprisonment. This has been true of prosecutions under many federal and state laws[1] that treat prior convictions as merely sentencing factors then elements of the offense.

---

[1] See, e.g. 18 U.S.C. § 924(e)(inceasing statutory maximum from 10 years to life for firearms offense, if defendant has certain qualifying prior convictions); 21 U.S.C. § 841(b)(1)(A)(Similar increase for drugs); 18 U.S.C. § 844(h) (raising statutory imprisonment term from 10 years to 20 years for "second or subsequent conviction" of explosives); 18 U.S.C. § 2247(a)(Doubling maximum term of imprisonment for sex offender convicted "after a prior sex offense"); N.M. STAT. ANN. § 13-18-17 (Michies 2002)(providing one-, four-, and eight-year increases in maximum punishment for repeat offender); 42 PA. CONS. STAT. ANN. § 971(a.1)(2002)(Providing maximum penalty of twice-increased mandatory minimum for repeat offenders).

Thus, the Court, given the aggravating factors, and the multiple and separate offenses set within § 841(b)(1), which (Like <u>Jones</u>) includes 'death and bodily harm', requires that for the government to enhance Petitioner the elements must have been in the indictment and proven beyond a reasonable doubt. Moreover, Petitioner is guaranteed to be charged by an indictment under the Fifth and Sixth Amendments, not a mere information, for elements that increase his sentence. Therefore, the charge under § 851, that increased Petitioner's sentence from the statutory maximum of ten years, to 20 years, is invalid and the enhancement must be removed and Petitioner resentenced to 120 months imprisonment.

c.  <u>Denial Of Counsel To Perfect Appeal</u>.

The Petitioner was entitled to the effective assistance of counsel on appeal. <u>Evitts v. Lucey</u>, 469 U.S. 387, 397-400 (1985). Counsel's failure to take steps necessary to pursue an appeal from Petitioner's criminal conviction (Where the conviction was not based on a plea agreement and waiver of any appeal) violated Petitioner's constitutional right to effective assistance of counsel. Where counsel filed elaborate briefs in the trial level, supported by First Circuit decisions, showing the prior should not be used for a career offender enhancement since he was charge as a minor, counsel's advise that Petitioner could not appeal was erroneous and invalid.  If counsel felt the appeal was frivolous, he held a duty to still pursue appeal and, then, file a brief indicating

counsel's belief the appeal was frivolous.

At bar, counsel instructed Petitioner he <u>could</u> <u>not</u> appeal his conviction or sentence. No plea agreement was entered waiving this right. Petitioner merely plead guilty. Counsel, himself, felt the enhancement based on the priors were unjustified, setting forth a extensive brief before this Court. If counsel felt the appeal would be wholly frivolous, instead of legally advising Petitioner he had no right to appeal, he should have informed this Court and requested to be removed from the case. Petitioner had a right to have counsel assist him on his first appeal, under the mandate of <u>Douglas v. California</u>, 372 U.S. 353 (1963), Petitioner's Due Process rights were violated where counsel failed to file Notice of Appeal, failure to submit briefs, or request plenary review. Thus, Petitioner is now entitled to have his appeal rights reinstated based on ineffective assistance of appellate counsel. <u>Anders v. California</u>, 386 U.S. 738 (1967).

d.   <u>Ineffective Assistance of Counsel</u>.

Under the <u>Strickland v. Washington</u>, 80 L.Ed.2d 674 (1984), standard, Petitioner must demonstrate that "but for" counsel's unprofessional errors, the outcome may have been different. To overcome, Petitioner must demonstrate 1) that counsel's performance was deficient under the standard set by the Sixth Amendment, and 2) that the deficient performance cause prejudice to Petitioner serious enough to deprive him a trial or hearing whose results are reliable. <u>Strickland</u>, at 80 L.Ed.2d 693.

Counsel's performances in this case meet the <u>Strickland</u> standard, and are demonstrated in part as follows:

- a) Counsel failed to inform Petitioner that the lab reports only charged a net weight of 28 grams or more of cocaine, with a net over 14 grams, but does not explicitly state what the actual amount of controlled substance is. November 20, 1989 Lab Report/<u>Complaint</u> for Monteiro. That without an actual amount, any detectable amount, as set by the indictment, must be under the Statute of § 841(b)(1)(C), not § 841(b)(1)(A) as the Court and government charge Petitioner under. E.g. <u>United States v. Cotton</u>, 152 L.Ed.2d 860, 865 (2002). Notably, here, the indictment follows the same wording as set in <u>Cotton</u> and is invalid.

- b) Counsel failed to challenge a clear issue that the enhancement under § 851 was unconstitutional, where even Government has acknowledged in Oral Argument in <u>Ring v. Arizona</u>, 153 L.Ed.2d 556 (2002), that Government has ceded § 841(b)(a) applies under <u>Apprendi</u>, and Government, itself, has sought to have the Supreme Court clarify this tension. E.g. <u>Smalley v. United States</u>, No. 02-6693, Brief for United States at 7, 13-14 (U.S. Dec. 20, 2002).

- c) Counsel's failure to take direct appeal, or even perfect the apeal, and request dismissal, but informing Petitioner, to his detrimental reliance, that Petitioner could not appeal, thereby causing the Petitioner a procedural hurdle he must overcome. See herebefore argument, (c). Counsel argued before this Court that the statute did not meet the career offender statute because he was 17 years old, and a juvenile and did not meet Congress's intent in accordance with 18 U.S.C. § 5031. Thus, counsel constructive denied Petitioner counsel on appeal. <u>Strickland</u>, at 80 L.ed.2d 696(Actual or constructive denial of counsel, altogether, constitutes prejudice).

- d) Counsel requiring Petitioner to enter into a plea, unknowingly and unintelligently, where counsel told a mixed of information, and where the indictment did not set forth any specific drug amount, and (it is presumed) the Court's error at the plea colloquy. E.g. <u>United States v. Harrington</u>, 354 F.3d 178 (2nd Cir. 2004). See Exhibit 1 hereto (Lawyer's letter stating a variance of sentencing possibilities without any actual amount set in indictment).[2]

---

[2] Petitioner challenges his guilty plea as unknowing and unintelligently made, based on a multitude of information, without any actual specific amount in indictment.

-11-

Even <u>Strickland</u> requires counsel to keep a defendant informed on improtant matters. <u>Strickland</u>, at 80 L.Ed.2d 694.

At bar, Petitioner's counsel led him to plead to a statutory punishment that was error, and where <u>Cotton</u> had already ruled on this matter, counsel knew the sentence under § 841(b)(1)(A) was improper. Moreover, counsel knew Petitioner held a right to appeal his sentence, and conviction, where the plea[3] did not waive this right. Counsel, instead, instructed Petitioner with legal advise and guidance that Petitioner could not appeal.

Petitioner was entitled to be assisted by counsel, not imprisoned by him to a greater level. Thus, now Petitioner is entitled to withdraw his plea and proceed to trial, or, be resentenced.

## CONCLUSION

For the foregoing reasons, and the arguments as a totality, Petitioner is entitled relief in this case and asks this Court to grant him either to withdraw his plea, or be resentenced to a lesser sentence in accordance with the foregoing arguments. Petitioner asks for any other relief the Court may deem just

---

[3] Petitioner does not have any copy of any plea agreement from his counsel. Counsel turned over the files, and no such document exists. Petitioner does not recall signing any such document. Petitioner files this without complete understanding, and if a plea exists, would ask the Court have the clerk mail a copy, or the prosecution upon response.

and proper.[4]

DATED this 25 day of March, 2004.

Respectfully submitted,

BY: _Richard Hall_
RICHARD HALL
# 24429-038; SR3-25U
Defendant-Petitioner, Pro se.

GWS/cc:

---

[4] Petitioner makes this as part and partial of his ineffective assistance of counsel claim. He does not have his transcripts of the sentencing or colloquy, but believes the following case may have application in this action. He sets this only to reserve the claim, if, in fact, it does have application, relying on United States v. Melendez-Santana, 353 F.3d 93 (1st Cir. 2003)(Court erroneously exceeded guidelines, delegated authority).