```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )  CIV. NO. 04-10615-DPW
         Plaintiff-Respondent, )
                               )
              V.               )
                               )
RICHARD D. HALL,               )
                               )
         Defendant-Petitioner. )
_____)
```

**GOVERNMENT'S OPPOSITION TO MOTION**
**FILED PURSUANT TO 28 U.S.C. § 2255**

**INTRODUCTION**

The United States of America, by and through Michael J. Sullivan, United States Attorney and Cynthia Lie, Assistant U.S. Attorney, for the District of Massachusetts, hereby files this memorandum in opposition to the Petitioner's motion made pursuant to 28 U.S.C. § 2255 for relief from judgment.  Petitioner Richard Hall ("Hall") entered a guilty plea on March 31, 2003 to a one-count indictment charging him with possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §841 (a)(1).

Hall's motion seeks to have his guilty plea withdrawn or to be given a lesser sentence.  In support of this motion, Hall argues that the following: (1) ineffective assistance of counsel; (2) the aggravating factors used to increase maximum sentence from 10 to 20 years should have been included in the indictment

1

and proved beyond a reasonable doubt; and (3) he has a right to downward departure based on sentencing entrapment.  Under the applicable law, Hall's claims are without merit.  Therefore, his § 2255 motion should be dismissed.

## ARGUMENT

### Hall's Claims Pursuant to 28 U.S.C. 2255 Are Without Merit and Should Be Denied.

1. Ineffective Assistance Claims are Meritless and Should Be Denied

Hall's motion alleges that his counsel was ineffective for (1) failure to take steps necessary to pursue an appeal; (2) failure to inform Petitioner that lab reports did not explicitly state the actual amount of controlled substance; (3) failure to argue that enhancement under § 851 was unconstitutional; (4) falsely informing the Petitioner that he could not appeal; and (5) requiring the Petitioner to enter into a plea unknowingly and unintelligently.

The standard for determining ineffective assistance of counsel claims is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668 at 686 (1984).  A court must apply a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;" therefore, the Petitioner is required to overcome this presumption. Id. at 2065.

Even if the Petitioner were able to overcome the presumption, he would also have to show that but for counsel's errors, the outcome of the proceeding would have been different. Id. at 2067. These principles were more recently echoed by the First Circuit. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994).

>    A.   Counsel's failure to take steps to preserve appeal does not constitute ineffective assistance.

In his motion, Hall misstates the law when he asserts that counsel was required to pursue an appeal even if he felt the appeal was frivolous. The requirements of effective assistance of counsel do not mean that "defense counsel, to protect him or herself from allegations of inadequacy, must waste the court's time with frivolous or futile motions." U.S. v. Bosch, 584 F.2d 1113 at 1121 (1st Cir. 1978)  In order to show ineffective assistance of counsel, a Petitioner must "establish his allegation of inadequate representation, not as a matter of speculation but as a demonstrable reality." People v. Welborn, 257 Cal.App.2d 513 (1967).

Hall himself admits in his brief that the court notified him of his right to appeal. (Def. Mot. 9, dated March 25, 2004). Additionally, Hall received written notification from the court of his right to appeal the judgment within 10 days. (CR-02-10247-DPW, Notice to Def. Of App. Rights, dated Mar. 31, 2003). Hall did not appeal the decision. He has not suggested, much less shown, that but for counsel's failure to bring an appeal,

3

the outcome would have been different.

        B.    Counsel's Failure to inform Petitioner that lab reports did not explicitly state the actual amount of controlled substance does not constitute ineffective assistance of counsel.

Hall argues that counsel's performance was deficient because counsel failed to inform Hall that the lab report did not have the actual amount of cocaine listed.  Under Strickland, as previously mentioned, the ineffective assistance claim requires that the Petitioner show that counsel's performance was both below the wide range of acceptable behavior, and that such conduct had an affect on the outcome of the case.

First, Hall was clearly informed of the actual amount of controlled substances during the Rule 11 hearing.  The following exchange from the Rule 11 Hearing illustrates that Hall accepted the government's evidence as accurate:

```
[Government]:   ...The white substance that Agent
                Monteiro received from Mr. Hall was
                determined to be 133.7 grams of
                cocaine base, Your Honor. That's
                the sum and substance of the
                evidence.
By the Court:   Do you dispute any of that?
[Hall]:         No.
[Court]:        Is that what happened?
[Hall]:         Yes.
[Court]:        Now, you have a right to dispute a
                variety of different things, such
                as the nature of what the substance
                was, how much was involved in terms
                of weight -- and you're prepared
                nevertheless to accept the
                Government's representation of what
                the evidence would be?
[Hall]:         Yes, I am.
```

(Rule 11 Hrg. Tr., 20: 9-23, dated March 31, 2003, attached as Exh. A to the original filed with the Court).  Second, Hall does not dispute the amount and such an omission did not have an affect on the outcome.  As the issue was not raised on appeal and there has not been any substantial affect on any right, his second ineffective assistance argument must be rejected.

        C.    Counsel's Failure to argue that enhancement under § 851 was unconstitutional was not deficient representation.

Almendarez-Torres v. U.S. is controlling here and Hall's arguments fail on the merits. See 523 U.S. 224-28 & 243-44 (1998).  The Almendarez Court held that statutorily imposed penalty provisions which require enhanced sentencing based on prior convictions do not create a separate crime and that the government is not required to include the fact of earlier convictions in the indictment. See Id.  Thus, Hall's arguments to the contrary should be denied.

Hall alleges that Ring v. AZ, 536 U.S. 584 (2002) applies here and challenges the enhancement of the sentence based solely on a prior conviction not listed in the indictment.  Def. Mot. 11.  That case, however, dealt with aggravating circumstances other than prior convictions.  The Ring court distinguished Almendarez-Torres, specifically acknowledging that Almendarez-Torres remained unchallenged.  Ring, 536 U.S. at 597, n. 4.

Prior convictions do not need to be listed in the indictment

to allow the judge to use them for sentence enhancement purposes. <u>Id.</u> The argument that enhancement under § 851 is unconstitutional should be rejected. It follows that Hall's ineffective assistance claim based on counsel's failure to challenge the enhancement must also fail.

      D.   Petitioner Entered Plea Knowingly and Intelligently

Hall alleges in his motion that counsel required him to enter a plea unknowingly and unintelligently. (Def. Mot., 11). However, the Rule 11 transcript clearly demonstrates that the plea was knowing, intelligent and voluntary: (1)

```
[Court]:   Do you have any agreement with the Government
           about pleading guilty, Mr. Hall?
[Hall]:    No.
[Court]:   Did anybody threaten you in any way to get
           you to plead guilty?
[Hall]:    No.
[Court]:   Did anybody promise you something that is
           causing you to plead guilty?
[Hall]:    No.
```

(Rule 11 Hrg. Tr., 12: 13-21); (2)

```
[Court]:   Have you had any trouble understanding what
           this case is about, what it is the Government
           is accusing you of?
[Hall]:    No.
[Court]:   Have you had an adequate opportunity to
           discuss this case fully with Mr. Sobelman and
           Mr. Chipman?
[Hall]:    Yes.
[Court]:   And are you satisfied you've received the
           kind of legal advice that you need to make
           your own judgment about whether or not to
           plead guilty here?
[Hall]:    Yes.
```

<u>Id.</u> at 13: 14-24.

These exchanges show that the plea was entered both knowingly and intelligently. In addition, the court explained to Hall in detail the right to go to trial, the presumption of innocence, the right to cross-examine witnesses, the right to bring witnesses, the right to testify or to refrain from testifying, and the right to not have that choice used against him. Id. at 14: 3-25 and 15:1-10. Hall stated that he understood these rights. Id. at 15: 9-13.

After Hall entered the guilty plea, the court expressed satisfaction that "the decision to plead guilty here is a knowing and voluntary act on Mr. Hall's part and it's supported by substantial evidence from which a finder of fact could find [Hall] guilty of the offense charged." Id. at 21: 19-24. Hall's claim that counsel required him to unknowingly and unintelligently enter a plea should be rejected based on these admissions as well as the court's thorough explanation of Hall's rights to him before he entered his plea.

   2. 21 U.S.C. § 851 is Constitutional Even if it Affords a
      Sentencing Enhancement Based on a Prior Conviction Not
      Alleged in the Indictment

Section C above, sets for the reasons why a prior conviction need not be alleged in the indictment in order for the Court to increase sentencing based on a prior conviction. Moreover, Hall's other argument is based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). In Apprendi, the Supreme Court held that a

fact which increases the penalty for a crime *beyond the statutory maximum* must be submitted to the jury and proved beyond a reasonable doubt.  120 S.Ct. at 2362-63.  Apprendi is inapplicable here because Hall's sentence was below the maximum term of imprisonment of life, as set forth in 21 U.S.C. § 841(b)(1)(A).

> 3. Petitioner has No Right to Downward Departure Based on Sentencing Entrapment and No Constitutional Violation Has Occurred

Petitioner has provided no caselaw in support of entrapment as a proper basis for relief under 28 U.S.C. §2255.  The cases Hall cites are not §2255 cases and in the cases the court found no entrapment.  Entrapment is normally a defense for a jury to consider at trial and is comprised of two elements: 1) government inducement, and 2) absence of predisposition on the part of the Petitioner to engage in the alleged criminal conduct.  See United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992).

Petitioner has made no showing of circumstances that would constitute entrapment.  There was no "outrageous" governmental conduct, nor any improper conduct whatsoever.  This was a garden variety sting.  There was no coercion or even initial refusal on Petitioner's part, certainly there was nothing to establish the "dogged pressure characteristic of inducement." United States v. Tom, 330 F.3d 83, 89 (1st Cir. 2003); citing United States v. Tejeda, 974 F.2d 210, 218 (1st Cir. 1992) (indicating that

informants actions initiating most of calls and "diligently pursuing" drug transaction does not establish "persistent badgering" or inducement).

The Petitioner only states that he was reluctant to transact in crack cocaine because powder was his normal drug of choice to sell. (Petition, p. 5). As the Supreme Court has noted, a drug trafficking case is a "typical case" in which "the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the Petitioner's predisposition." <u>United States v. Jacobson</u>, 503 U.S. 540, 550 (1992). This is on point with the case at hand. Entrapment is concerned with criminal conduct thrust upon an "unwilling participant" not with the seasoned criminal and experienced drug dealer such as Petitioner. Whether he "normally" dealt in crack cocaine or not, Hall was not coerced or entrapped in any way to do the transaction. He merely departed from his ordinary drug of choice to sell and agreed to sell crack cocaine for money. Thus, Hall's petition based on sentencing entrapment should be denied.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion pursuant to §2255 should be denied.

>                    Respectfully submitted,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
> By: /s/ Cynthia W. Lie
>     ─────────────────────
>     CYNTHIA W. LIE
>     Assistant U.S. Attorney
>     (617) 748-3183

Dated: June 8, 2004