```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


RICHARD D. HALL,              )
     Petitioner,              )
                              )     CIVIL ACTION NO.
          v.                  )     04-10615-DPW
                              )
UNITED STATES OF AMERICA,     )
     Respondent.              )
```

                    MEMORANDUM AND ORDER
                        June 14, 2004


    The petitioner in this proceeding under 28 U.S.C. § 2255 challenges the judgment of conviction I entered after his guilty plea.  He contends that he received ineffective assistance of counsel and that the sentence was inappropriate.  I find the petition to be without merit, with the exception of a potential claim that his counsel failed to follow his direction to pursue a direct appeal.  As to that claim, additional clarification is necessary.

    I have reviewed the plea colloquy and find the petitioner's plea to have been knowing and voluntary.  That colloquy established the petitioner's agreement about the nature and amount of the controlled substances relied on for purposes of sentencing.  The petitioner's prior conviction did not need to be referenced in the indictment.  <u>Ring v. Arizona</u>, 536 U.S. 584, 597 n.4 (2002); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224-28 & 243-44 (1998).  The use of the prior conviction constituted no <u>Apprendi</u> violation in this case.  Even considering petitioner's allegations of entrapment in the light most favorable to him, I find neither a viable defense nor a basis for downward departure.

While nothing in the petitioner's submissions suggests the existence of a meritorious appeal and the petitioner concedes he knew he had a right of appeal, he contends that "counsel, by legal advice, instructed Petitioner he could not appeal. Thus, no appeal could be taken." Petitioner's Brief at 4. This contention is ambiguous in a material way. If it is established that counsel failed to follow petitioner's instructions to prosecute an appeal, petitioner has stated a § 2255 claim requiring vacation of the judgment and resentencing to afford an opportunity for direct appeal. <u>Bonneau v. United States</u>, 961 F.2d 17 (1st Cir. 1992).

In order to determine what additional factfinding, if any, is necessary to resolve the appeal issue, as an initial matter I hereby ORDER petitioner to submit on or before July 9, 2004, an affidavit addressing the issue whether or not his counsel failed to follow his instructions to pursue a timely appeal of his conviction. In the absence of such an affidavit, I will construe petitioner's brief merely to contend that he is now disappointed that he followed his counsel's advice that an appeal would be unavailing.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE