```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


RICHARD D. HALL,               )
     Petitioner,               )
                               )
                               )    CIVIL ACTION NO.
          v.                   )    04-10615-DPW
                               )
UNITED STATES OF AMERICA,      )
     Respondent.               )
```

MEMORANDUM AND ORDER
August 13, 2004

In a Memorandum and Order dated June 14, 2004, I found the instant petition under 28 U.S.C. § 2255 "to be without merit, with the exception of a potential claim that the petitioner's counsel had failed to follow [petitioner's] direction to pursue a direct appeal." As to that claim, I noted additional clarification was necessary. Accordingly, I directed the petitioner to submit an affidavit addressing the issue of whether or not his counsel failed to follow his instructions to "pursue a timely appeal of his conviction." The petitioner has responded to that direction by asserting in a recently filed declaration:

> That I asked counsel about taking an appeal,
> that I did not have law books or knowledge or
> any manner to research any issues, and relied
> on counsel to instruct me; that I was told
> that no issues existed, but at no time did
> counsel ask directly if I wanted to waive my
> right to appeal, and had he asked I would
> have told him I wanted an appeal.

7/16/04 Declaration of Richard D. Hall § VI. This assertion raises a litigable issue regarding ineffectiveness by defense

counsel in failing to pursue an appeal.

In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court set forth the guiding principles:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

<u>Id.</u> at 480. Whether or not the first criterion is satisfied here, the petitioner avers "[t]hat [he] asked counsel about taking an appeal," and this appears to satisfy the second criterion. The Second Circuit has held that a petitioner "should not [be] required to explicitly direct counsel to file an appeal. . . . Rather, a more basic demonstration of interest in appealing meets the test." <u>Sarroca v. United States</u>, 250 F.3d 785, 787 (2d Cir. 2001) (internal quotation marks, citations, and alterations omitted). Thus, the petitioner's trial counsel may be held to have had a duty to pursue with petitioner consideration of an appeal.

For purposes of determining whether this duty was satisfied, <u>Flores-Ortega</u> outlined the requirements incumbent on counsel in the face of ambiguous direction from a defendant:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that appeal not be taken, we believe the question whether counsel has performed

>           deficiently by not filing a notice of appeal
>           is best answered by first asking a separate,
>           but antecedent, question: whether counsel in
>           fact consulted with the defendant about an
>           appeal.  We employ the term "consult" to
>           convey a specific meaning -- advising the
>           defendant about the advantages and
>           disadvantages of taking an appeal, and making
>           a reasonable effort to discover the
>           defendant's wishes.  If counsel has consulted
>           with the defendant, the question of deficient
>           performance is easily answered:  counsel
>           performs in a professionally unreasonable
>           manner only by failing to follow the
>           defendant's express instructions with respect
>           to an appeal.

528 U.S. at 478.

    The threshold question, then, is whether the petitioner's counsel "consulted" with him in the manner that <u>Flores-Ortega</u> contemplates.  It is apparent from the petitioner's affidavit that the attorney advised him of the advantages and disadvantages of taking an appeal.  Apparently, counsel advised him that no issues existed.  Based upon my own review of the petitioner's claims, as is evident from my holding in the June 14, 2004 Memorandum and Order that the instant petition (except for the pursuit-of-appeal issue) is "without merit," I see no reason to question that advice at that time.

    The more problematic issue in the petitioner's claim is that his counsel allegedly did not specifically inquire of him whether he wished an appeal to be taken, and that if he had done so, the petitioner would have chosen to appeal.  If true, this is arguably a failure to "mak[e] a reasonable effort to discover the

defendant's wishes." Flores-Ortega, 528 U.S. at 478. Only factfinding can resolve the question whether it is or not.

I turn then to the question of prejudice, the second branch of the general ineffectiveness of counsel test. See generally Strickland v. Washington, 466 U.S. 668 (1984). I find that, quite apart from the general prejudice demonstrated by the "probability that, but for counsel's deficient failure to consult with [petitioner] about an appeal, he would have timely appealed," Flores-Ortega, 528 U.S. at 484, a specific form of prejudice is demonstrated by the fact that petitioner may be disadvantaged in pursuing certain of his identified substantive issues by collateral attack rather than appeal.

To be sure, I do not think that the petitioner is likely to succeed on the merits of the issues that he now presses under Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), and most particularly and recently, Blakely v. Washington, 124 S. Ct. 2531 (2004), which was handed down ten days after my June 14 Memorandum and Order entered in this case. However, I also recognize that, in the turbulent wake of Apprendi, Ring and Blakely, there is substantial uncertainty about the developing legal principles. I cannot say that pursuit of such claims is frivolous. In any event, this petitioner, who

is now proceeding pro se and in forma pauperis,[1] need not demonstrate that his issues are nonfrivolous:

> [A] defendant's inability to 'specify the points he would raise were his right to appeal reinstated' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. . . . [I]t is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal.

Flores-Ortega, 528 U.S. at 486 (quoting Rodriquez v. United States, 395 U.S. 327, 330 (1969)) (emphasis in original).

There is a comparatively diminished hospitality to claims raised on the basis of constitutional rights newly recognized by the Supreme Court when presented on collateral attack as opposed to direct appeal. See generally Breese v. Maloney, 322 F. Supp. 2d 109 (D. Mass. 2004). The impact of this differential hospitality was underscored by the Supreme Court on the same day that Blakely was handed down when it held that its decision in Ring was not retroactive. Schriro v. Summerlin, 124 S. Ct. 2519 (2004). As a consequence, if petitioner is permitted to proceed on appeal he may argue application of Ring, but if he must proceed by collateral attack, he may not. I view petitioner to

---

[1] Before me in the underlying case petitioner was represented by retained counsel. I have found him indigent for purposes of the instant § 2255 petition.

have been specifically prejudiced in these circumstances by an inability to pursue his claims on direct appeal.

Accordingly, there being a dispositive factual question about "consultation" at issue in this proceeding, I direct the clerk to arrange for the appearance of the petitioner at a hearing to determine whether his counsel made reasonable efforts to discover the petitioner's wishes with respect to the pursuit of a direct appeal.  In this connection I direct that new counsel be appointed for the petitioner in this proceeding.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE