Richard Hall
# 24429-038; Sunrise
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

Defendant-Petitioner, Pro se.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE: CIV-04-10615-DPW |
|     Plaintiff-Respondent, |       1:02-CR-10247DPW |
|     -versus- | |
| RICHARD D. HALL, | RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FILED TO 28 U.S.C. § 2255. |
|     Defendant-Petitioner. | |

....oOo....

Comes now the Defendant-Petitioner, Rachard D. Hall,
Pro se, and makes the following answer to Government's
opposition to his 28 U.S.C. § 2255 motion. Hereafter referred
to as "Petitioner," he makes the following response:

## ARGUMENTS

### Petitioner's clams under his § 2255 are meritful and he is entitled relief.

1.    Ineffective assistance of counsel claims
   are meritful and Petitioner should be
   <u>awarded relief.</u>

Government is, per se, correct that to determine
counsel's ineffectiveness "is "whether counsel's conduct
so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a just result," Strickland v. Washington, 466 U.S. 668 at 686 (1984)." GOVERNMENT'S OPPOSITION at 2.

The issues raised by Petitioner do have merit, and the laws at the time supported Petitioner's position that counsel, who is trained in the law, and skilled at law, should have known of these laws. As is preached by law enforcement and courts, 'ignorance of the law is no excuse.' Attorneys, who are trained in the law, hold a duty and obligation to their clients to know the law and research every feasible avenue tom insure Petitioner the best defense. The Petitioner demonstrates in his issues below, that, had counsel performed effectively, the outcome would have been different.

> A.    Counsel's failure to take steps to
>        preserve appeal does constitute
>        <u>ineffective assistance of counsel.</u>

Government's allegations here, and case law, are prehistoric--to say the least. The Supreme Cout has more recently addressed this issue, and in <u>Roe v. Flores-Ortega</u>, 528 U.S. --, 145 L.Ed.2d 985 (2000), the Court held that counsel who fails to take steps to file an appeal, or insure that the defendant was made aware and waived the right not to appeal, was deemed ineffective. <u>Roe</u>, at 994. The court further reasoned that the defendant is not required to demonstrate what issues he might have for appeal, that there is duty for counsel to consult with him on the matter. <u>Id.</u> at 1001.

Even if counsel did not believe Petitioner held any appealable issues, by counsel's failure to appeal denied Petitioner two avenue because of counsel's "failure to take steps to preserve appeal." GOVERNMENT OPPOSITION at 3. These two avenues are: 1) a chance to respond to counsel's Anders brief to demonstrate any meritorious claims, and 2) a chance for the appellate court to make an independent review of the record whether meritorious claims existed, and if any nonfrivolous ground for appeal exist, the constitution required the court appoint substitute counsel. Penson v. Ohio, 488 U.S. 75, 84 (1988); McCoy v. Court of Appeals, 486 U.S. 429, 444 (1988). EXHIBIT A hereto (Affidavit).

The cases government relies on, United States v. Bosch, 584 F.2d 1113 (1st Cir. 1978) and People v. Welborn, 257 Cal.App.2d 513 (1967), are invalid laws based on the holding in Roe. Furthermore, could is both: 1) petitioner's agent, and 2) an officer of the court, and as such counsel holds two duties: 1) to make sure his client's interests are protected, and 2) insure the integrity of the court is upheld. E.g. In re Lord, 97 N.W.2d 287, 255 Minn. 370(←-- -); 7 Corpus Juris Secudum 4, 43 (attorney owes duty to court before client, and to insure justice). As such, counsel held a duty to file Notice of Appeal within the ten allotted days. Because counsel failed to file any Notice of Appeal; because counsel failed to take steps to preserve the appeal; because counsel did not file any appeal or instruct Petitioner why he was not, or obtain any waiver,

-3-

counsel's conduct was ineffective within the standards of the First, Fifth and Sixth Amendment standards, and Petitioner is now entitled to be resentenced and a new appeal awarded. Roe, at 1001-02; Strickland v. Washington, at 466 U.S. 674.

> B.    Counsel's failure to inform Petitioner
>        Law Reports did not explicitlt state any
>        actual weight, nor did the indictment,
>        and allowing Petitioner to plead to un-
>        proven amounts, does constitute inef-
>        fectiveness of counsel.

Government, again, misleads the proper function of what counsel is to perform. Even Strickland requires that counsel apprise a defendant on important matters, Strickland, at 688; insure a defendant pleads guilty with his eyes open, Brady v. United States, 397 U.S. 742, 757 (1970), and investigate the law and defenses on behalf of the defendant. Strickland, at 691. A defendant who enters a plea and is not protected by the safegaurds to insure him or her what is reasonably due in specific circumstances, is denied his First, Fifth and Sixth Amendment right protections. E.g. United States v. Baldacchino, 762 F.2d 170 1st Cir. 1985)(recognizing plea bargain agreements must be attended by safegaurds to insure defendant what is reasonably due in the circumstances).

The only amount Petitioner was informed of, during the Rule 11 colloquy, was that what government wanted him to plead too, not any actual amounts proven beyond a

reasonable doubt by a jury. Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Cotton, 152 L.Ed.2d 860, 865 (2002)(All drugs amounts must be in indictment and proven beyond reasonable doubt by jury). The indictment, Petitioner believes[1], stated only a "detectable amount," which required only a maximum of five year sentence. Cotton, at 865, 868 (failure to place quantity in indictment is plain error, where it enhances defendant beyond statutory maximum).

Moreover, in United States v. Camacho, 248 F.3d 1286 (11th Cir. 2001), the Eleventh Circuit Court addressed a different issue that further shows counsel did not understand his prrofessional duties. There, the court reasoned where an indictment lists only 21 U.S.C. § 841(a)(1), and no penalty provisions, a sentence is only valid if it meets the threshold of the statutory provision to which the court sentenced the defendant.[2]    Like    in Camacho, Petitioner was sentenced under § 841(b)(1)(C), and counsel never argued, nor objected, to this standard when, counsel should have argued a minimum requirement, and Petitioner should have been sentenced under § 841(b)(1)(A)

--------

[1]    Petitioner does not have transcripts and all files to argue completely on whether any objection was made.

[2]    Recently, the Supreme Court decided Blakeley v. Washington, 542 U.S. --, No. 02-1632 (June 24, 2004). There, te Court stated even under guidelines, a judge cannot enhance, even by a plea, facts not in the indictment or proven by a jury, and based this decision on Apprendi. That where a defendant is enhanced by facts not found by a jury, or in the indictment, violated the Sixth Amendment right to trial by jury. Moreover, they held that even given Schriro v. Summerlin, 542 U.S. --, No. 03-526 (June 24, 2004), federal and state, remained open for collaterla attack based on Appendi in 2000. Blakeley, at IV A.

to only five years incarceration.

As the letters of counsel indicate; Petitioner, who is not a lawyer, held no idea what he could actually receive. He was told "121-151 limitation," "262-327 months," "240 month sentence." EXHIBITS to § 2255 motion. And, given no penalty provision was ever in the indictment, Petitioner had to rely on a counsel that, himself, was unsure, and was unable to argue any claims because of this unsurety, allowing Petitioner to be sentenced to a higher standard then allowed by law. Apprendi, supra; United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)(After Apprendi, a judge's determination of drug quantity which increases maximum sentence which defendant is exposed too under crime is clear and obvious error). See also Miller v. Florida, 482 U.S. 351, 363 (1987)(Guidelines are law, and enhancements must be based on "clear and convincing evidence," "proven beyond a reasonable doubt.").

Thus, to allow a defendant to plead to a unqualified amount of substance, never proven, except by government's allegations, a party seeking to place the defendant away for years, nor afford a defendant knowledge of his sentence under various guideline and statutory provisions, does constitute ineffectiveness and denies the defendant his Fifth and Sixth Amendment rights. Petitioner, therefore, is entitled to be resentenced based on quantities proven beyond a reasonable doubt, or to withdraw his plea of guilty.

-6-

C.    Given the unsurety in the Law at the
Time of Petitioner's case, the Failure
to argue § 851 enhancement did consti-
tute deficient performance.

It is conceded Almendarez-Torres v. United States,
523 U.S. 224 (1998) is still controlling law, however, the
facts and statutory provisions in this case, from
Almendarez-Torres are substantially different which warrants
this court review this issue with a jaundiced-eye.

Prior convictions are a janus-faced argument in that:
1) Almendarez-Torres is a case based solely on a single
statutory interpretation; and 2) if a statute holds multiple
and separate offenses, Almendarez-Torres does not apply.
Section 841(b)(1)(A)(B)(C) and (D) is such a statute, which
holds multiple and separate offenses and penalty provisions,
and the proper case in this sense is Jones v. United States,
526 U.S. 227 (1999)(where statute holds three separate
offenses by specification of distinct elements, rather than
define a single crime, with choice of three maximum
penalties).

Not only does the prior offense provisions of §
841(b)(1) hold different penalty provisions, they each have
a "death or bodily injury" element like that set forth in
Jones, requiring implication of Almendarez-Torres under the
holding in Jones. Moreover, even government has conceded
that § 841(b)(1) applies to Apprendi, where it has been

/////

-7-

acknowldged that § 841 was covered by Apprendi. Ring v. Arizona, 536 U.S. --, 153 L.Ed.2d 556, No: 01-488, Oral Argument at pg. 7 (Monday, April 22, 2002)(Government conceding § 841, drug statute, was covered by Apprendi).

In both Apprendi and Ring, the Supreme Court concluded that, as a general principle, that "any fact that increases the penalty for a crime beyond the prescribed statutory [or guideline] maximum" must be proven to the jury beyond a reasonable doubt. Apprendi, at 530 U.S. 490. Still, the Apprendi Court acknowledged this general principle was in tension with its decision in Almendarez-Torres. The high Court questioned the validity of Almendarez-Torres, viewing it as a departure from the "uniform course of decision during the entire history of our jurisprudence," and finding it "arguable that Almendarez-Torres was incorrectly decided." Apprendi, at 530 U.S. 489-90. However, despite its concerns, the Court declined to revisit Almendarez-Torres, but instead, framed its holding to avoid overruling the earlier case: **"Other than a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Apprendi, at 530 U.S. 490 (Emph. Added). Nonetheless, even Government has sought varification ofthis effect on prior statutes like § 841. See, e.g. Smalley v. United States, No: 02-6693, Brief for the United States at 7, 13-14 (U.S. Dec. 20, 2002). In government's view, review was warranted "because questions about the

the continuing validity of Almendarez-Torres have bee raised by the [Supreme] Court's decision in Apprendi." Smalley, Brief for the United States at 7.

Even before Almendarez-Torres, four Justices disagreed with its constitutional reasoning. See Monge v. California, 524 U.S. 721, 741 (1998)(Scaliz, J., joined by Soutter and Ginsburg, JJ. dissenting)(Almendarez-Torres's holding was "a grave constitutional error affecting the most fundmental of rights"); Jones, at 526 U.S. 252 (Steven's, J., concurring)(Agreeing with Justice Scalia that, contrary to Almendarez-Torres's holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties"). In Apprendi, a fifth justice joined those who disagreed. Justice Thomas, a member of the Almendarez-Torres majority, concurred in Apprendi, criticizing Almendarez-Torres and stated that he had "succumbed" to error in joining it. Apprendi, at 530 U.S. 520 (Thomas, J., concurring). With that concurrence, it appears that a majority of the Supreme Court has now repudiated Almendarez-Torres.

Still, given the disavowment of Almendarez-Torres, what this Court should do is analyze § 841(b)(1) in relation to both Almendarez-Torres and Jones, and decided which case it more appropriately matches and decide under a constitutional standard. Where government has conceded § 841 applies to Apprendi, this should not be a hard task,

and certify this issue because of the variance on whether it is anologist with Almendarez-Torres or Jones; or hold that § 841 falls within Apprendi because of the multiple offenses and penalty provisions, and vacate the sentence and resentence Petitioner.

D.    Petitioner's Plea Is Not Knowing and Voluntary.

Given the totality of the arguments, herebefore, and what counsel failed to do; supports Petitioner's claim herein that counsel further failed to keep Petitioner informed for a knowing and intelligent plea of guilty.

First, Petitioner concedes his own statements, but contends those statements were brought on by counsel's legal advise, instructing Petitioner not to bring to the court's attention any additional issues "or the plea will be denied." See EXHIBIT A hereto.[3]  Nonetheless,            the Petitioner's plea is rendered involuntary by ineffective assistance of counsel; that is, but for counsel's deficient performance, Petitioner would not have pleaded guilty to the offenses charged in the indictment. Hill v. Lockhart, 474 U.S. 52, 59-60 (1985).

With respect to the prejudice prong of Strickland, Petitioner will establish that the results of counsel's per-

---

[3]     Where most attorneys have become "plea attorneys" and no longer care of the art of trial advocacy, they have become attorneys who push defendants into a plea, whether they are guilty of not. As result, they instruct defendant to tell the courts lies, to insure the plea is accepted, whether the statements are true or not. This conduct by attorneys is a criminal offense cited in 18 U.S.C. § 1622 (subornation of perjury) by procuring a defendant into committing perjury by persuading him to make statements to accept a plea of guilty.

formance was fundamentally unfair and unreliable. <u>Lockhart</u> <u>v. Fretwell</u>, 506 U.S. 364 (1993). Counsel's errors so upset the adversarial balance between the defense and the prosecution that had counsel performed adequately, it would have been discovered the charges laid in the indictment lacked elements affording enhancement unless proven beyond a reasonable doubt by a jury. <u>United States v. Cotton</u>, 535 U.S. 625, 626 (2002). See also <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374 (1986).

The crux of the claim here is that counsel had a duty to make reasonable investigation of the facts, of the penalties, in this case, which investigation would have proven material and vital to the knowing and voluntary nature of the plea. <u>Strickland</u>, at 466 U.S. 694. The Court, in turn, held a obligation to search for constitutional error with "painstaking care," <u>Kyles v. Whitley</u>, 514 U.S. -- 131 L.Ed.2d 490, 498 (1995), and this duty mandates that the court examine the reasonable line of defense, the usual and accepted practice of defense counsel to effectuate an investiagtion, to review updated case-law, and determine whether counsel here performed in that manner. <u>Bowen v. Maynard</u>, 799 F.2d 593, 603-604 (10th Cir. 1986).

In the present case, Petitioner was charged in an indictment holding no penalty provisions, no drug quantity, except a "detectable amount." When this case was heard, the major opinions had been set down. The case law demonstrated that majority of the justices had disavowed <u>Almendarez-</u>

Torres; had required drug quantities be in the indictment;
and that these be proven by a jury beyond a reasonable
doubt. It is now a matter of record that the drug quantity
was never shown to be 133.7 grams, except for a bear say-
so by government; it is also part of the record that § 841
holds multiple and separate offenses and penalty provisions,
and that government has conceded, to fall within Appendi,
even for a prior conviction. Blakeley has further clarified
that under Apprendi, Petitioner should not have received
the 240 month sentence, but should have received the five
year sentence, and if enhanced for a prior, ten maximum.

Because Petitioner was unaware of the true penalties
he should have received, because he was unaware of the
current cases requiring elements be proven by jury beyond
reasonable doubt, or the disavowment of Almendarez-Torres
by the high Court; because counsel failed to appeal his
conviction, or obtain a valid waiver, Petitioner's plea is
unknowing and unintelligently made. Consequently, the
judgment upon that plea is invalid as it violates the due
process of law under the Fifth and Sixth Amendments and must
be set aside.

2.    21 U.S.C. § 851 Is Unconstitutional Where
      It Increases a Sentence Based On A Statute
      Having Multiple Provisions, and Where Its
      Language is Ambiguous and vague.

Besides the reasons set in Section C above, 21 U.S.C.
§ 851 is further unconstitutional for two reasons: 1) it
is in direct conflict with the Fifth and Sixth Amendments

-12-

that all factors be set forth in an indictment and presented
to a Grand Jury. U.S. Const., Amend V and VI.

   Apprendi, contrary to what Government contends, is
applicable here. Blakeley, supra, where the base offense
is  neither  clear,  nor  what  statute  (should  be  §
841(b)91)(A), Cotton, supra.), is not properly set forth
for a mximum of five years, and with any enhancement, ten.

   Moreover, § 851(a)(2) states:

      (2)  An information may not be filed under this
      section if the increased punichment which may be
      imposed for a term in excess of three years unless
      the    person    either    waived    or    was    afforded
      prosecution by indictment for the offense for which
      such increase punishment may be imposed.

21 U.S.C. § 851(a)(2)(Wests, 1999). The language here is
plain. Unless the prior for which a defendant is being
charged was either 1) set by an indictment, or 2) waived
by the defendant, the maximum a defendant can receive on
the new charge is three years, and an information is invalid
that request more, outside the boundries of this provision.
Given  this  provision,  given  Apprendi  and  Blakeley,  the
increased enhancement in this caseis invalid where the prior
was based upon an information, not an indictment.

   The essential portion of the Fifth Amendment is stated
as:

      No  person  shall  be  held  to  answer  for  [any]
      capital,  or  otherwise  infamous  crime,  unless  on
      a presentament or indictment of a Grand Jury, .
      . ., nor be deprived of [any] life, liberty, or
      property, without due process of law; . . ..

U.S. Const., Amend. V.

-13-

The question here, is, what constitutes due process of law? The Supreme Court has long held precedent cases showing due process of law must be law that holds to the 'law of the land,' i.e. the Constitution. E.g. Bank of Columbia v. Okely, 17 U.S. 235 (1819)("Due Process of Law" is equivalent to "law of the land"); Groppi v. Leslie, 404 U.S. 496, 500-501 (1972)("due process "is compounded of history, reason, the past course of decisions, and stout confidence in the stregth of the democratic faith which we profess . . .").

   3.   Petitioner held right to have counsel argue for reduction for Sentencing Entrapment, and the Denial Is A Violation of Constitution.

First, prosecution misstates facts. Petitioner has supplied law on sentencing entrapment to obtain relief in his § 2255 motion. As set by Blakeley, factors must be determined. In this case, Petitioner was not predisposed to sell crack, and it took months for the informant to convince Petitioner to make any sale. No second sale ever occurred. See EXHIBIT A hereto.

There is a distinction between predisposition to make a sale, and a sale made where government manipulates that sale for purpose of increasing a sentencing of a defendant. Also, one can be predisposed on one area, and not another. For example, Attorney General Ashcroft might seek to arrest and imprison judges whom, although predisposed to give a reduction under the guidelines when appropriate to a defendant, is not willing just to give it if not proper.

-14-

However, a judge not willing to give a reduction, but yet follows the law and sets forth a reduction under the guidelines, under the prosecutor's contention, would still be liable for arrest under the Attorney General's acclaimed war against the judges. Within this understanding, both would be guilty because they were both predisposed from the first to follow the law, even though only one met to give everyone a reduction under the guidelines.

Prosecution would have the court perceive that just because Petitioner eventually sold the drugs, even though it was months after the initial request, he was predisposed, even though his standard product was powder, not crack. Other circuits have acknowledged this ability to obtain a reduction for such conduct by government. E.g. United States v. Ramirez-Rangel, 103 F.3d 1501 (9th Cir. 1997)("Sentencing entrapment" occurs when defendant, although predisposed to commit minor or lesser offense, is entrapped into committing greater offense subject to greater punishment).

Under the sentencing table of the Guidelines, crack cocaine (Cocaine Base) is equated to 100 grams of powder cocaine or 20 grams of heroin. See USSG § 2D1.1, Ch. 2, Pt. D, at p. 415 (USCA, Wests, 1996). Obviously, crack afforded a far greater sentence then mere poweder. Thus, the leading of Petitioner into selling a substance he was not normally predisposed to sell, for purpose of enhancing his sentencing, now award him a reduction as it is contrary to fair play and due process standards.

This Court should grant Petitioner a dowanward departure based on 'sentencing entrapment,' and deny government's requested relief.

## CONCLUSION

For the foregoing reasons, Petitioner requests the court grant his § 2255 relief and call him back for a hearing and/or resentencing. Petitioner asks for any further relief the court deems would be proper and just.

DATED this 2_ day of Julu, 2004.


Respectfully submitted,


RICHARD HALL
Defendant-Petitioner, Pro se.


GWS/cc:

**EXHIBIT  A**

## DECLARATION OF RICHARD D. HALL

I, Richard D. Hall, do hereby depose and say:

### I.

I am a federal prisoner serving a term of 240 months in prison; that I am the declarant in this matter; that I am currently residenced at Federal Correctional Institution, 1900 Simler Avenue, Big Spring, Texas 79720.

### II.

That I sold powder cocaine, not crack; that I was not into selling crack cocaine; that the informant contacted me and requested I sell him four ounces of crack, and I kept delaying him until after a an entire month had passed and informant continued to call declarant.

### II.

That I was not wanting to sell crack cocaine at this time, but wanted to get the informant off declarant's back and move on; that declarant made no other sales to informant, even though he contacted declarant on other occassions.

### III.

Counsel never filed motions relating to Appendi reductions, or to have the drug quantity in the indictment under Cotton holding; that declarant relied on counsel for declarant held no knowledge of the law, holding a 'trust' counsel would perform on declarant's behalf.

DECLARATION, PAGE ONE

IV.

That declarant held some priors which were only county time; that none of these were ever charged by a Grand Jury indictment; that none were ever waived by Declarant as toward any indictment, all being by merely an information.

V.

That declarant believes he could have challenged § 841 and § 851, and took them on appeal, that he held a substantial chance to having the matters heard and ruled in his favor where five justices have disavowed Almendarez-Torres; That I did not understand what I was facing.

VI.

That I asked counsel about taking an appeal, that I did not have law books or knowledge or any manner to research any issues, and relied on counsel to instruct me; that I was told no issues existed, but at no time did counsel ask directly if I wanted to waive my right to appeal, and had he asked I would have told him I wanted an appeal.

VII.

That I am willing to testify to these facts if the court deems it necessary.

VIII.

That further I sayeth naught.

IX.

That I, Richard D. Hall, do hereby declare in

DECLARATION, PAGE TWO

accordance with 28 U.S.C. § 1746(2), under the penalty of perjury, that the foregoing statements are true and correct to my belief and knowledge, and attest to the same this 16 day of July, 2004.


RICHARD D. HALL
# 24429-038; SR3-25U
Federal Correctional Institution
1900 Simler Avenue
Big Spring, Texas 79720

Declarant.


DECLARATION, PAGE THREE

CERTIFICATE OF SERVICE

The undersigned hereby certifies he caused to be mailed the foregoing document, and mailed the same to the attorney for the respondent, First Class, postage prepaid thereon and addressed to:


DENISE JEFFERSON CASPER
UNITED STATES ATTORNEY'S OFFICE
ASSISTANT U.S. ATTORNEY
JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE
ONE COURTHOUSE WAY
SUITE 9200
BOSTON, MASSACHUSETTS 02210

all on this 2_ day of July, 2004.


RICHARD D. HALL
Defendant-Petitioner, Pro se.


GWS/cc: