UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 NOV 18 P 7 11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CIV. NO. 04-10615-DPW |
| Plaintiff-Respondent, ) | |
| ) | |
| V. ) | |
| ) | |
| RICHARD D. HALL, ) | |
| ) | |
| Defendant-Petitioner. ) | |

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO MOTION
FILED PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by and through Michael J. Sullivan, United States Attorney and Cynthia Lie, Assistant U.S. Attorney, for the District of Massachusetts, hereby files this pre-hearing supplemental opposition to the Petitioner's motion made pursuant to 28 U.S.C. § 2255 for relief from judgment.

The upcoming hearing focuses on the first of the two-prong test for determining whether counsel was ineffective, as set forth by the Supreme Court in Strickland: whether "counsel's representation fell below an objective standard of reasonableness".[1] Subject to the testimony of counsel in the upcoming hearing, it appears from the record that counsel's actions were not only reasonable, but also very successful.

---

[1] In Strickland v. Washington, 466 U.S. 668, 694 (1984), the second prong requires that counsel's deficient performance prejudiced the defendant.

1

Defendant knowingly and voluntarily pled guilty and counsel successfully argued a downward departure at sentencing for Petitioner. (Rule 11 Hearing/Disposition Tr. at pgs. 13-15, 26).

However, the specific question is whether counsel acted reasonably in deciding not to file a notice of appeal in this case. In his original petition, Petitioner stated that "counsel, by legal advice, instructed Petitioner he could not appeal. Thus, no appeal could be taken." (Petitioner's Brief, dated March 25, 2004, p. 4). It is unclear whether or not Petitioner agreed with counsel at the time and only later, after the time to appeal passed, changed his mind.

In a subsequent filing, Petitioner filed a Declaration in which he stated the following:

> That I asked counsel about taking an appeal, that I did not have law books or knowledge or any manner to research any issues, and relied on counsel to instruct me; that I was told no issues existed, but at no time did counsel ask directly if I wanted to waive my right to appeal, and had he asked I would have told him I wanted an appeal."

(Declaration, dated July 26, 2004, p. 2). From this Declaration, it appears that Petitioner's only complaint now in retrospect is that counsel did not ask him "directly" if he wanted to waive his right to appeal. Neither the Supreme Court in Strickland nor in Roe v. Flores-Ortega, 528 U.S. 470 (2000), requires that counsel ask a client directly whether he or she desires to waive the right to appeal. Petitioner has provided no caselaw setting

2

forth this requirement.[2]

That counsel acted reasonably in representing Petitioner, including not filing a notice of appeal, is demonstrated by many factors, including the following: (1) that Petitioner voluntarily pled guilty with no plea agreement; (2) that Petitioner was informed in open court that he had a right to appeal (Rule 11 Hrg/Disposition at p. 28); and (3) that counsel succeeded in obtaining a downward departure at sentencing for Petitioner.

The Supreme Court in Flores-Ortega held as follows:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as past of the plea and whether the plea expressly reserved or waived some or all appeal rights.

528 U.S. at 480.

For the foregoing reasons, Petitioner's motion filed

---

[2] The Supreme Court has held that counsel only has a duty to consult with the defendant about an appeal only if (1) a rational defendant would want to appeal (for example, because there are nonfrivolous ground for appeal) or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Saroca v. United States, 250 F.3d 785, 787 (2nd Cir. 2001) (citing Flores-Ortega, 528 at 480).

pursuant to §2255 should be denied.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:
                                      CYNTHIA W. LIE
                                      Assistant U.S. Attorney

Dated: November 18, 2004

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on 11/18/04

Assistant U.S. Attorney